IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO  DIVISION

BERTHA MILLER                                    :
                                                 :
VS.                                              :          CIVIL ACTION NO. _____
                                                 :
TRAVELERS LLOYDS OF TEXAS               :
INSURANCE COMPANY                            :

## INDEX OF MATTERS BEING FILED

1.     49th District Court Case Docket Sheet;

2.     Civil Case Information Sheet and Plaintiff's Original Petition e-filed on 02-04-15;

3.     Plaintiff's attorney letter requesting issuance of Citation dated 02-04-15;

4.     Court's Notice of Calendar Call;

5.     Citation issued on Defendant Travelers Lloyds of Texas Insurance Company and proof of service; and

6.     Plea in Abatement and Original Answer of Defendant Travelers Lloyds of Texas Insurance Company e-filed on 03-25-15.

       Undersigned counsel hereby certifies that the above constitutes the entire State Court's

record, as represented by the Clerk of Court, State Court of Webb County, State of Texas.

Respectfully submitted,

By: _____

**LESLIE   LOCKHART**
State Bar No. 24036980
Fed. I.D. No. 737979
leslockhart@adamsgraham.com
**ADAMS & GRAHAM L.L.P.**
P. O. Drawer 1429
Harlingen,, Texas 78551-1429
Telephone:  (956) 428-7495
Facsimile:   (956) 428-2954

Attorneys for *Defendant* TRAVELERS LLOYDS OF
TEXAS INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 2nd day of April, 2015, to the following counsel of record:

Chris Schleiffer                                                           *Via E-filing*
**The Voss Law Center**
26619 Interstate 45 South
The Woodlands, Texas 77380
*Counsel for Plaintiff*

_____
**LESLIE LOCKHART**

Civil Action No. _____
Bertha Miller v. Travelers Lloyds of Texas Insurance Company

# TAB 1

to

# TO INDEX OF MATTERS BEING FILED

```
Webb County Courts - Live                                    PAGE        1
DATE    4/01/15                                              MV0260
TIME   12:32:18                                              DCMAR


=============================================================================
CASE NUMBER . . . . : 2015CVF000421 D1    CASE TYPE : F01  CONSUMER/DTPA
PLAINTIFF . . . . . : MILLER,BERTHA,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . :


DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : SCHLEIFFER,CHRIS,,            PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 26619 INTERSTATE 45 SOUTH
                      THE WOODLANDS          TX   77380


     VS.

DEFENDANT NAME  . . : TRAVELERS LLOYDS OF TEXAS INSURANCE COMPAN
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . : 211 EAST 7TH STREET STE 620
                      AUSTIN                 TX   78701
DRIVERS LICENSE #  . :
CASE STATUS . . . . : Active       STATUS DATE . . . : 2/04/2015
CASE DISPOSITION  . :             DISPOSITION DATE  :

DEFENDANTS ATTORNEY : LOCKHART,LESLIE,,             PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : P.O. BOX 1429
                      HARLINGEN              TX   78551-1429
COURT APPOINTED . . : NO           ATTORNEY
```

ENTRY/FILING DATE . : 2/04/2015

JUDGE . . . . . . . : Joe Lopez
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :              IND. TERM. CODE :

```
COMPLAINT . . . . . : *IMG* CONTRACT
COMPLAINT DATE  . . : 2/04/2015   COMPLAINT AMOUNT  :
INTEREST DATE . . . :             INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :             COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :             TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :             GARNISHMENT CASE  :
```

```
ACTIVITY DATE  ACTIVITY DESCRIPTION                         ACTIVITY TYPE
-------------  -----------------------------------------    -------------
 2/04/2015     Case Status                                  CaseStatus
     Case Status entered as ACTV.
     Case Status ACTV: Active
     For TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY
               Complaint                                    Complaint
     *IMG* CONTRACT

 2/05/2015     Filing Papers                                File Paprs
     *IMG* LETTER DATED FEB. 4, 2015 FROM THE VOSS LAW FIRM IN RE TO
```

A True copy of the original I certify
the ____ day of APR 1 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County Texas
By _____ Deputy

```
           W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                          CIVIL CASE DOCKETS
Webb County Courts - Live                                    PAGE      2
DATE    4/01/15                                              MV0260
TIME   12:32:18                                              DCMAR

================================================================================
CASE NUMBER . . . . : 2015CVF000421 D1    CASE TYPE :  F01  CONSUMER/DTPA
        PAYMENT FOR COPIES OF PETITION. MG

 2/07/2015      Court Case Assignment                        Case Assgn
        Court date/time: 5/12/2015  13:30    Hearing Type:  17 Clndr Call
        Assignment of court date/time.
        Status entered as Open
               Hearing                                       Hearing
        *IMG* CALENDAR CALL FAXED TO ATTOREY CHRIS SCHLEIFFER. (GG)
               Jury Fee                                       Jury Fee
        JURY DEMAND REQUESTED AND PAID BY ATTOREY CHRIS SCHLEIFFER. (GG)
               Issuance                                       Issuance
        *IMG* 2 CITATIONS ISSUED AS TO TRAVELERS LLOYDS OF TEXAS INSURANCE
        COMPANY AND SENT BACK TO ATTOREY IN SELF ADDRESSED STAMPED ENVELOPE.
        (GG)

 3/23/2015      Returns                                       Returns
        *IMG* CITATION RETURN SHOWING SERVICE AS TO TRAVELERS LLOYDS OF TEXAS
        INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE
        COMPANY. DOS 3/5/15. MG

 3/25/2015      Answer                                        Answer
        *IMG* PLEA IN ABATEMENT AND ORIGINAL ANSWER OF DEFENDANT TRAVELERS
        LLOYDS OF TEXAS INSURANCE COMPANY. ATTY. LESLIE LOCKHART. MG
```

Civil Action No. _____
Bertha Miller v. Travelers Lloyds of Texas Insurance Company

# TAB 2

to

# TO INDEX OF MATTERS BEING FILED

# CIVIL CASE INFORMATION SHEET

Filed
2/4/2015 2:06:34 PM
Esther Degollado
District Clerk
Webb District
2015CVF000421D1

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED: **BERTHA MILLER V. TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Chris Schleiffer | Email:<br>chris@vosslawfirm.com | Plaintiff(s)/Petitioner(s):<br><br>**BERTHA MILLER** | Attorney for Plaintiff/Petitioner<br>*Pro Se* Plaintiff/Petitioner<br>Title IV-D Agency<br>Other: _____ |
| Address:<br><br>26619 Interstate 45 | Telephone:<br><br>(713) 861-0015 | Defendant(s)/Respondent(s):<br><br>**TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY** | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br><br>The Woodlands, TX 77380 | Fax:<br><br>(713) 861-0021 | [Attach additional page as necessary to list all parties] | Non-Custodial Parent: |
| Signature:<br>*Chris Schleiffer* | State Bar No:<br><br>24088362 | | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | | Family Law | |
|---|---|---|---|---|---|
| | | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | | |
| *Debt/Contract*<br> XXX Consumer/DTPA<br> Debt/Contract<br> Fraud/Misrepresentation<br> Other Debt/Contract:<br>  Breach of Contract<br>*Foreclosure*<br> Home Equity—Expedited<br> Other Foreclosure<br>Franchise<br>Insurance<br>Landlord/Tenant<br>Non-Competition<br>Partnership<br>Other Contract:<br>_____ | Assault/Battery<br>Construction<br>Defamation<br>*Malpractice*<br> Accounting<br> Legal<br> Medical<br> Other Professional<br>  Liability:<br><br>Motor Vehicle Accident<br>Premises<br>*Product Liability*<br> Asbestos/Silica<br> Other Product Liability<br> List Product:<br>_____<br><br>Other Injury or Damage: | Eminent Domain/<br> Condemnation<br>Partition<br>Quiet Title<br>Trespass to Try Title<br>Other Property:<br>_____ | Annulment<br>Declare Marriage Void<br>*Divorce*<br> With Children<br> No Children | | Enforcement<br>Modification—Custody<br>Modification—Other<br><br>**Title IV-D**<br>Enforcement/Modification<br>Paternity<br>Reciprocals (UIFSA)<br>Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | | **Parent-Child Relationship** |
| | | Expunction<br>Judgment Nisi<br>Non-Disclosure<br>Seizure/Forfeiture<br>Writ of Habeas Corpus—<br> Pre-indictment<br>Other: _____ | Enforce Foreign<br> Judgment<br>Habeas Corpus<br>Name Change<br>Protective Order<br>Removal of Disabilities<br> of Minority<br>Other: _____ | | Adoption/Adoption with<br> Termination<br>Child Protection<br>Child Support<br>Custody or Visitation<br>Gestational Parenting<br>Grandparent Access<br>Parentage/Paternity<br>Termination of Parental<br> Rights<br>Other Parent-Child:<br>_____ |
| **Employment** | | **Other Civil** | | | |
| Discrimination<br>Retaliation<br>Termination<br>Workers' Compensation<br>Other Employment:<br>_____ | Administrative Appeal<br>Antitrust/Unfair<br> Competition<br>Code Violations<br>Foreign Judgment<br>Intellectual Property | Lawyer Discipline<br>Perpetuate Testimony<br>Securities/Stock<br>Tortious Interference<br>Other: _____ | | | |
| **Tax** | | *Probate & Mental Health* | | | |
| Tax Appraisal<br>Tax Delinquency<br>Other Tax | *Probate/Wills/Intestate Administration*<br> Dependent Administration<br> Independent Administration<br> Other Estate Proceedings | Guardianship—Adult<br>Guardianship—Minor<br>Mental Health<br>Other: _____ | | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| Appeal from Municipal or Justice Court<br>Arbitration-related<br>Attachment<br>Bill of Review<br>Certiorari<br>Class Action | Declaratory Judgment<br>Garnishment<br>Interpleader<br>License<br>Mandamus<br>Post-judgment | Prejudgment Remedy<br>Protective Order<br>Receiver<br>Sequestration<br>Temporary Restraining Order/Injunction<br>Turnover |

**4. Indicate damages sought** (do not select if it is a family law case)**:**
Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
Less than $100,000 and non-monetary relief
**XXX** Over $100, 000 but not more than $200,000
Over $200,000 but not more than $1,000,000
Over $1,000,000.

Filed
2/4/2015 2:06:34 PM
Esther Degollado
District Clerk
Webb District
2015CVF000421D1

CAUSE NO. _____

| | | |
|---|---|---|
| BERTHA MILLER, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | WEBB COUNTY, TEXAS |
| | § | |
| TRAVELERS LLOYDS OF | § | |
| TEXAS INSURANCE COMPANY, | § | |
|     Defendant. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW** Bertha Miller (hereinafter "Plaintiff"), and complains of Travelers Lloyds of Texas Insurance Company (hereinafter "Travelers Lloyds").  In support of her claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

    1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law.  Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court.  Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Laredo, in Webb County, Texas.

### PARTIES

    3.    Plaintiff is an individual whose residence is located in Laredo, Webb County, Texas.

PLAINTIFF BERTHA MILLER'S ORIGINAL PETITION                           Page 1

A True Copy of the original I certify
the ____ day of _____ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By _____ Deputy

4.      Defendant Travelers Lloyds is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, at its registered address, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 3420 Yorkshire Street, Laredo, Texas 78043, (the "Property").  In addition to seeking economic and penalty based damages from Travelers Lloyds, Plaintiff also seeks compensation from Travelers Lloyds for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Travelers Lloyds to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through her residential policy, 0I1130405657746769, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around June 1, 2013, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on Travelers Lloyds to help begin the rebuilding process.  By and through her residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.     Pursuant to her obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, her residential policy covered Plaintiff during the time period in question.

11.     Despite Plaintiff's efforts, Travelers Lloyds continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.     Moreover, Travelers Lloyds has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.     In the months following, Plaintiff provided information to Travelers Lloyds, as well as provided opportunities for Travelers Lloyds to inspect the Property.   However, Travelers Lloyds failed to conduct a fair investigation into the damage to the Property.   Moreover, Travelers Lloyds failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.     Despite Travelers Lloyds's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Travelers Lloyds.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Travelers Lloyds failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.   As a result, to this date, Plaintiff has not received proper payment for her claim, even though notification was provided.

15.     Travelers Lloyds has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.   Travelers Lloyds has furthermore failed to offer

Plaintiff adequate compensation without any explanation why full payment was not being made. Travelers Lloyds did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Travelers Lloyds has further failed to affirm or deny coverage within a reasonable time.  Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Travelers Lloyds in a timely manner.

17.     Travelers Lloyds has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Travelers Lloyds that failed to conduct a reasonable investigation.   Ultimately, Travelers Lloyds performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Travelers Lloyds has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Travelers Lloyds.  Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.     In addition, Travelers Lloyds has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.   As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

## AGENCY

22.     All acts by Travelers Lloyds were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Travelers Lloyds and/or were completed in its normal and routine course and scope of employment with Travelers Lloyds.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.     Travelers Lloyds had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property. Travelers Lloyds breached this duty in a number of ways, including but not limited to the following:

    a.    Travelers Lloyds was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

    b.    Travelers Lloyds had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

    c.    Travelers Lloyds failed to properly complete all adjusting activities associated with Plaintiff.

25.     Travelers Lloyds's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

**B.**
**BREACH OF CONTRACT**

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiff purchased, Travelers Lloyds had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Travelers Lloyds has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses.  As a result of this breach, Plaintiff has suffered actual and consequential damages.

**C.**
**VIOLATIONS OF TEXAS DECEPTIVE TRADE**
**PRACTICES ACT AND TIE-IN-STATUTES**

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Travelers Lloyds's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code.   Travelers Lloyds collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

        a.     Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

---

b.      Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c.      Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

d.      Using or employing an act or practice in violation of the Texas Insurance Code;

e.      Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.      Failure to properly investigate Plaintiff's claim; and/or

g.      Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Travelers Lloyds in low-balling and/or denying Plaintiff's damage claim.

32.     As described in this Original Petition, Travelers Lloyds represented to Plaintiff that her insurance policy and Travelers Lloyds's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.     As described in this Original Petition, Travelers Lloyds represented to Plaintiff that its insurance policy and Travelers Lloyds's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.     By representing that Travelers Lloyds would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Travelers Lloyds has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.     Travelers Lloyds has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.  This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Travelers Lloyds's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers Lloyds's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Travelers Lloyds's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Travelers Lloyds to her detriment.  As a direct and proximate result of Travelers Lloyds's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the above-described acts, omissions, and failures of Travelers Lloyds are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Travelers Lloyds's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Travelers Lloyds having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Travelers Lloyds having intentionally committed such conduct.

40.     As a result of Travelers Lloyds's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show herself to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Travelers Lloyds's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).   Specifically, Travelers Lloyds engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

   e.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

   f.  Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43. Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Travelers Lloyds, and Plaintiff relied upon these unfair or deceptive acts or practices by Travelers Lloyds to her detriment.  Accordingly, Travelers Lloyds became the insurer of Plaintiff.

44. As a direct and proximate result of Travelers Lloyds's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which she now sues.

45. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Travelers Lloyds's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Travelers Lloyds having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Travelers Lloyds having intentionally committed such conduct.

46. As a result of Travelers Lloyds's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of

the Texas Insurance Code and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

## E.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, Travelers Lloyds has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     Travelers Lloyds has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Travelers Lloyds knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered.  These acts, omissions, failures, and conduct by Travelers Lloyds is a proximate cause of Plaintiff's damages.

## F.
## BREACH OF FIDUCIARY DUTY

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     Travelers Lloyds had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, Travelers Lloyds owed a duty of good faith and fair dealing to Plaintiff.  Travelers Lloyds breached that fiduciary in that:

    a.      The transaction was not fair and equitable to Plaintiff;

    b.      Travelers Lloyds did not make reasonable use of the confidence that Plaintiff placed upon it;

    c.      Travelers Lloyds did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

    d.      Travelers Lloyds did not place the interests of Plaintiff before its own, and Travelers Lloyds used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

    e.      Travelers Lloyds placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

    f.      Travelers Lloyds did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.     Travelers Lloyds is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Travelers Lloyds's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Travelers Lloyds has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.     Such violations include, without limitation, all the conduct described in this Original Petition, plus Travelers Lloyds's failure to properly investigate Plaintiff's claim. Plaintiff also includes Travelers Lloyds's unreasonable delays in the investigation, adjustment,

and resolution of Plaintiff's claims and Travelers Lloyds's failure to pay for the proper repair of Plaintiff's Property, as to which Travelers Lloyds's liability had become reasonably clear.

56.      Additional violations include Travelers Lloyds's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.      Plaintiff further includes Travelers Lloyds's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Travelers Lloyds's misrepresentations of coverage under the subject insurance policy. Specifically, Travelers Lloyds is also guilty of the following unfair insurance practices:

        a.      Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

        b.      Engaging in unfair claims settlement practices;

        c.      Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

        d.      Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Travelers Lloyds's liability had become reasonably clear;

        e.      Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

        f.      Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

        g.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.      Travelers Lloyds has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Travelers Lloyds's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.     Travelers Lloyds is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Travelers Lloyds did not inform Plaintiff of certain exclusions in the policy.  Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to her detriment.  As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Travelers Lloyds is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiff would show that Travelers Lloyds perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in her injuries and damages. Alternatively, Travelers Lloyds fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on Travelers Lloyds fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.     Plaintiff further alleges that because Travelers Lloyds knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Travelers Lloyds, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against Travelers Lloyds in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Travelers Lloyds has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.     Travelers Lloyds's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiff seeks monetary relief of over $100,000, but not more than $200,000.

## ADDITIONAL DAMAGES & PENALTIES

71.     Travelers Lloyds's conduct was committed knowingly and intentionally. Accordingly, Travelers Lloyds is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.   Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Travelers Lloyds disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

1.     Please produce Travelers Lloyds's complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.     Please produce certified copy of the insurance policy pertaining to the claim involved in this suit.

4.     Please produce the electronic diary, including the electronic and paper notes made by Travelers Lloyds's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Travelers Lloyds intend to offer these items into evidence at trial.

## **INTERROGATORIES**

76.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

1.     Please identify any person Travelers Lloyds expect to call to testify at the time of trial.

2.     Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.     If Travelers Lloyds or Travelers Lloyds's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Travelers Lloyds or any of Travelers Lloyds's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Travelers Lloyds's investigation.

5.    Please state the following concerning notice of claim and timing of payment:

      a.    The date and manner in which Travelers Lloyds received notice of the claim;

      b.    The date and manner in which Travelers Lloyds acknowledged receipt of the claim;

      c.    The date and manner in which Travelers Lloyds commenced investigation of the claim;

      d.    The date and manner in which Travelers Lloyds requested from the claimant all items, statements, and forms that Travelers Lloyds reasonably believed, at the time, would be required from the claimant; and

      e.    The date and manner in which Travelers Lloyds notified the claimant in writing of the acceptance or rejection of the claim.

6.    Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.    Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.    When was the date Travelers Lloyds anticipated litigation?

9.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Travelers Lloyds's document retention policy.

10.    Does Travelers Lloyds contend that the insured premises was damaged by storm-related events and/or any excluded peril?   If so, state the general factual basis for this contention.

11.    Does Travelers Lloyds contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.    Does Travelers Lloyds contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?   If so, state the general factual basis for this contention.

13.   How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State the following:

     a.    what performance measures are used; and
     b.    describe Travelers Lloyds's bonus or incentive plan for adjusters.

## **CONCLUSION**

77.   Plaintiff prays that judgment be entered against Travelers Lloyds of Texas Insurance Company, and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Travelers Lloyds of Texas Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ Chris Schleiffer
Bill L. Voss
State Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Chris Schleiffer
State Bar No. 24088362
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
chris@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Civil Action No. _____
Bertha Miller v. Travelers Lloyds of Texas Insurance Company

# TAB 3

to

# TO INDEX OF MATTERS BEING FILED

Filed
2/5/2015 8:25:16 AM
Esther Degollado
District Clerk
Webb District
2015CVF000421D1

# THE VOSS ✸ LAW FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TELEPHONE (713) 861-0015
FACSIMILE (713) 861-0021
TOLL FREE (866) 203-5411
www.VossLawFirm.com

February 4, 2015

*Via ProDoc E-filing*
Webb County District Clerk

Re:   *Bertha Miller vs. Travelers Lloyds of Texas Insurance Company;* Cause No.
2015CVF000421D1
-- Copies of Petition

Dear Clerk:

This letter will serve as a request for copies of Plaintiff's Original Petition for issuance with the citation in the above-referenced cause number.

Your attention to this matter is greatly appreciated.

Very truly yours,

/s/ *Karen Shadbolt*

Karen Shadbolt
Legal Assistant

:ks



Civil Action No. _____
Bertha Miller v. Travelers Lloyds of Texas Insurance Company

# TAB 4

to

# TO INDEX OF MATTERS BEING FILED



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

February 7, 2015

# NOTICE OF CALENDAR CALL

CAUSE NO. <u>2015CVF000421 D1</u>

<u>BERTHA MILLER</u>
VS
<u>TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY</u>

Please take notice that this case is set for Calendar Call on <u>05/12/2015</u> at <u>1:30 PM</u> at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

<u>Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.</u>

<u>Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.</u>

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49th District Court

---

Webb County • P.O. Box 667 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

A True Copy of the original I certify
this ___ day of APRIL 20 15 DC: SM
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By _____ Deputy

**✶✶  T r a n s m i t   C o n f i r m a t i o n   R e p o r t  ✶✶**

P.1                                                                      Feb 11 2015 11:51am
WEBB CO DISTRICT CLERK Fax:956-523-5121

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 917138610021 | Fine | 11,11:51am | 0'42" | 0 | T.2.1 | |
| ↑ Transmission failed | | Send the document(s) from page  1 | | | | |



State District Court                                        Jose A. Lopez
49ᵀᴴ Judicial District of Texas                            State District Judge
Counties of Webb and Zapata

February 7, 2015

### NOTICE OF CALENDAR CALL

CAUSE NO. 2015CVF000421 D1

BERTHA MILLER
VS
TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY

Please take notice that this case is set for Calendar Call on ___05/12/2015___ at 1:30 PM at the 49ᵗʰ District Court, 3ʳᵈ Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez.  Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date.  This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

_Maria R. Ramirez_
Maria Rosario Ramirez
Civil Court Coordinator
49ᵗʰ District Court

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

CC 

Civil Action No. _____
Bertha Miller v. Travelers Lloyds of Texas Insurance Company

# TAB 5

to

# TO INDEX OF MATTERS BEING FILED

Filed
3/23/2015 12:12:48 PM
Esther Degollado
District Clerk
Webb District
2015CVF000421D1

SERVE

2015CVF000421D1

# CITATION

THE STATE OF TEXAS

COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:    TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY
       BY SERVING ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY
       211 EAST 7TH STREET STE 620
       AUSTIN,    TX 78701

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2015CVF000421 D1 , styled:
       BERTHA MILLER, PLAINTIFF
       VS.
       TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, DEFENDANT
Said Plaintiff's Petition was filed on 02/04/2015 in said court by:
       CHRIS SCHLEIFFER, ATTORNEY FOR PLAINTIFF
       26619 INTERSTATE 45 SOUTH
       THE WOODLANDS,    TX 77380

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 7 day of February, 2015.

# C   L   E   R   K    O   F    C   O   U   R   T

CALENDAR CALL COURT DATE:
05/12/2015 AT 1:30P.M.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____    DEPUTY
GLORIA G. NORIEGA

A true copy of the original I certify
_____ day of April 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County, Texas
By _____ Deputy

2015CVF000421 D1

## OFFICER'S RETURN

Came to hand on the ___17___ day of ___February___ , 2015 at

___9___ O'CLOCK ___A___.M. Executed at ___211 East 7th St.___ ,

within the COUNTY of ___Travis___ at ___9:10 i___ O'CLOCK ___A___.M. on

the ___5___ day of ___March___ , 2015, by delivering to the within
named **TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY**, each, ~~in person~~, a
true copy of this citation together with the accompanying copy of the
petition, having first attached such copy of such petition to such
copy of citation and endorsed on such copy of citation the date of
delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation   $ ___105.00___ .

To certify which, witness my hand officially.

___David Voss___
~~SHERIFF, CONSTABLE~~

___Montgomery___ COUNTY, TEXAS

BY ___D.V. ___
~~DEPUTY~~

**THE STATE OF TEXAS }**
**COUNTY OF WEBB      }**

Before me, the undersigned authority, on this day personally
appeared ___David Voss___ , who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to ___Travelers Lloyds___
on the ___5___ day of ___March___ , ___2015___ .

SWORN TO AND SUBSCRIBED BEFORE ME on the ___23rd___ day of ___March___ ,
___2015___ , to certify which witness my hand and seal of office.

KAREN SHADBOLT
Notary Public, State of Texas
My Commission Expires
September 30, 2017

___Karen Shadbolt___
NOTARY PUBLIC

MY COMMISSION EXPIRES ___9/30/17___

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Travelers Lloyds
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   SA Vergara                    5/6/15

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail®      ☐ Priority Mail Express™
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)

7013 2630 0001 4787 7819

PS Form 3811, July 2013            Domestic Return Receipt

Civil Action No. _____
Bertha Miller v. Travelers Lloyds of Texas Insurance Company

# TAB 6

to

# TO INDEX OF MATTERS BEING FILED

Filed
3/25/2015 3:29:28 PM
Esther Degollado
District Clerk
Webb District
2015CVF000421D1

CAUSE NO. 2015CVF000421D1

| | | |
|---|---|---|
| BERTHA MILLER, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 49TH JUDICIAL DISTRICT |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY | § | |
| Defendant | § | WEBB COUNTY, TEXAS |

## PLEA IN ABATEMENT AND ORIGINAL ANSWER OF DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY**

(**"Travelers"**), Defendant herein, and files this its Plea in Abatement and Original Answer

in response to Plaintiff's Original Petition, and in support thereof would show the Court as

follows:

### I.

### General Denial

**Travelers** denies each and every material allegation in Plaintiff's Original Petition

contained and says that the same are not true, in whole or in part, and demands strict proof

thereof.

### II.

### Specific Pleas and Affirmative Defenses

DISTRICT COURT OF WEBB COUNTY TEXAS

A True copy of the original I certify
The _____ day of April 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County Texas
By_____ Deputy

    **A.**     **Travelers** admits the issuance of an HO-A policy. **Travelers** reserves the right to amend this Answer to assert defenses or any other applicable terms, provisions, exclusions, limitations or conditions of the Policy that may become apparent during **Travelers'** ongoing investigation and discovery.

    **B.**     Plaintiff has a continuing duty to cooperate under the policy.

    **C.**     **Travelers** pleads the affirmative defense of bona fide dispute.

    **D.**     **Travelers** denies any breach of duty to the Plaintiff with regard to the policy, investigation, handling and determination of the Plaintiff's claims for insurance proceeds.

    **E.**     **Travelers** denies that it has violated any provision of the *Texas Deceptive Trade Practices Act* in the manner in which the subject homeowner insurance was issued or in the manner in which Plaintiff's claims for insurance proceeds were handled.

    **F.**     **Travelers** denies that it has violated any provision of *§541* and *§542, et seq.* of the *Texas Insurance Code.*

    **G.**     **Travelers** denies that the Plaintiff is entitled to recover attorney's fees, as there has been no breach of the insurance contract issued by **Travelers**. In addition, **Travelers** has not violated any statutory obligation it may have to the Plaintiff that would give rise to a claim for recovery of attorney's fees.

    **H.**     **Travelers** pleads prior payments as a credit or offset.

    **I.**     **Travelers** expressly reserves its right to demand appraisal pursuant to the policy.

**J.**      **Travelers** would further show that the Plaintiff's actions brought pursuant to the *Texas Insurance Code* and *Texas Deceptive Trade Practices Act* are groundless and brought in bad faith, or in the alternative, brought for purposes of harassment. As such, the Plaintiff is in violation of *Tex. Ins. Code §541.153* and *§17.50(c)* of the *Texas Deceptive Trade Practices Act* and **Travelers** is, therefore, entitled to recover its reasonable and necessary attorney's fees and costs in defending against these claims.

**K.**      **Travelers** pleads all applicable provisions, requirements, standards and limitations set forth in *Tex. Civ. Prac. & Rem. Code Chapter 41.*

**L.**      **Travelers** affirmatively pleads the unconstitutionality of punitive, exemplary or enhanced damages, in violation of the due process and due course of law and of equal protection provided by the Constitutions of the United States of America and the State of Texas.

**M.**      **Travelers** pleads all applicable statutes of limitations.

**WHEREFORE, PREMISES CONSIDERED**, **Travelers** prays that upon final hearing hereof that Plaintiff not recover as prayed for in his Petition, that the Court award Travelers its attorney's fees and costs and all other relief, at law or in equity, which it may show itself justly entitled to receive.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Box 1429
Harlingen, Texas 78551-1429
956/428-7495 (Phone)
956/428-2954 (Fax)

By: _____
     **LESLIE LOCKHART**
     State Bar No. 24036980
     Email: leslockhart@adamsgraham.com

**ATTORNEYS FOR DEFENDANT TRAVELERS
LLOYDS OF TEXAS INSURANCE COMPANY**

THE STATE      )
                  :
OF TEXAS      )

     BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared **LESLIE LOCKHART**, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath, stated as follows:

1.      "My name is LESLIE LOCKHART. I am the attorney of record for Defendant **Travelers Lloyds of Texas Insurance Company**. I am over the age of 18 years, am competent and authorized to testify and have personal knowledge of the facts set forth herein.

2.      The factual allegations contained in Paragraph I. Plea in Abatement, and Paragraph III. A. are true and correct."



_____
**LESLIE LOCKHART**

     SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said **LESLIE LOCKHART**, on the 25th day of March, 2015, to certify which, witness my hand and seal of office.

```
LISA ANN FUENTEZ
Notary Public, State of Texas
My Commission Expires
February 02, 2019
```

_____
Notary Public, State of Texas
Notary's Typed Or Printed Name:
Lisa Ann Fuentez
Notary's Commission Expires: 02-02-2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 25th day of March, 2015, to the following counsel of record:

Chris Schleiffer                                               *Via Efiling*
Bill L. Voss
Scott G. Hunziker
**THE VOSS LAW CENTER**
26619 Interstate 45 South
The Woodlands, Texas 77380
*Attorneys for Plaintiff*

LESLIE LOCKHART